IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOSTON AND MAINE CORPORATION and ) <br> MASSACHUSETTS BAY TRANSPORTATION ) <br> AUTHORITY, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br><br> **COMPLAINT** |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the Regional Administrator of the United States Environmental Protection Agency ("EPA") for Region I, files this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9606 & 9607 ("CERCLA"). In this action, the United States seeks certain injunctive relief and recovery of certain costs incurred in response to releases and threatened releases of hazardous substances into the environment at or from the Iron Horse Park Superfund Site ("Site") located in Billerica, Massachusetts.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 106, 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607 & 9613(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a) & 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANTS

4. Boston and Maine Corporation ("Boston & Maine"), a Delaware corporation with its principal place of business in Massachusetts, is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5. At relevant times, Boston & Maine owned and operated portions of the Site.

6. Massachusetts Bay Transportation Authority ("MBTA"), a body politic and corporate and a political subdivision of the Commonwealth of Massachusetts, is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). MBTA has the power to sue and be sued pursuant to Mass. Gen. Laws ch. 161A, § 2.

7. MBTA has owned a portion of the Site since about 1976.

## GENERAL ALLEGATIONS

8. The Site consists of about 533 acres located in Billerica, Massachusetts. For purposes of managing cleanup operations, EPA has divided response actions for the Site into portions referred to as "Operable Units."

9. Operable Unit 4 consists of response actions identified in an EPA decision document, dated July 11, 2011, referred to as the Operable Unit 4 Record of Decision. Response actions for Operable Unit 4 are further described in an EPA document, dated July 22, 2014, referred to as the Explanation of Significant Differences. The response actions for Operable Unit 4 address contamination in sediment and groundwater in specified areas at the Site.

10. The Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

11. There has been a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. §§ 9601.

12. In undertaking response actions to address the release or threat of release of hazardous substances at the Site, EPA has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

13. EPA's Operable Unit 4 response actions and the costs incurred incident thereto, which total $2,238,354 through September 6, 2013, are not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

## FIRST CLAIM FOR RELIEF

14. Paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

15. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> > (1) the owner and operator of a vessel or a facility, [and]
> >
> > (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> > \* \* \*
>
> shall be liable for –

> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . . .

16. Boston & Maine is within the class of liable persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because it owns and/or operates a facility at the Site.

17. Boston & Maine is within the class of liable persons described in Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it owned and/or operated a facility at the Site at the time hazardous substances were disposed of at the facility.

18. MBTA is within the class of liable persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because it owns a facility at the Site.

19. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Boston & Maine is jointly and severally liable to the United States for all Operable Unit 4 costs incurred by the United States, including enforcement costs and interest.

20. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant MBTA is jointly and severally liable to the United States for all Operable Unit 4 costs incurred by the United States, including enforcement costs and interest.

## SECOND CLAIM FOR RELIEF

21. Paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

22. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides, in pertinent part:

[W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may . . . secure such relief as may be necessary to abate such danger or threat . . . .

23. The President, through his delegate, the Regional Administrator of EPA Region I, has determined that there is or may be an imminent and substantial endangerment to the public

health and welfare or the environment because of actual or threatened releases of hazardous substances at or from the Site.

24. Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), each of the Defendants is jointly and severally liable for injunctive relief to abate the danger or threat presented by a release or threatened release of hazardous substances into the environment at or from the Site.

25. EPA has determined that the response actions selected in the Operable Unit 4 Record of Decision and as further described in the Explanation of Significant Differences is necessary to abate the danger or threat at or from the Site.

26. Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), each of the Defendants is jointly and severally liable to undertake the Operable Unit 4 response actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

a. Enter judgment in favor of the United States and against the Defendants, jointly and severally, for all response costs incurred by the United States relating to Operable Unit 4, including enforcement costs and prejudgment interest, pursuant to Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A);

b. Order the Defendants to abate conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), by undertaking the Operable Unit 4 response actions.

c. Enter a declaratory judgment on Defendants' liability that will be binding in any subsequent action for further response costs or for natural resource damages, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and

d. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

ELLEN M. MAHAN
Deputy Section Chief

<u>s/ROBERT E. MAHER JR.</u>
Assistant Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-4241
robert.maher@usdoj.gov

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts

GEORGE B. HENDERSON
Assistant United States Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272
George.Henderson2@usdoj.gov

OF COUNSEL:

SUSAN SCOTT
Enforcement Counsel
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region I
5 Post Office Square – Suite 100 (OES)
Boston, MA 02109-3912
(617) 918-1778